**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

|  |  |  |
|---|---|---|
| JEFFREY BILYEU, JESSICA BILYEU, STEPHANIE BRUFFEY, MARK COFER, GREGORY SHEETS, and WILLIAM WEBB,<br>   on their own behalf and on behalf of<br>   all others similarly situated,<br><br>          *Plaintiffs,*<br><br>       v.<br><br>UT-BATTELLE, LLC,<br><br>          *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Dkt. No.: 3:21-cv-352<br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

COME NOW the Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer, Gregory Sheets, and William Webb (collectively, "Plaintiffs"), by and through the undersigned counsel, on behalf of themselves and all others similarly situated, and do hereby complain and allege against UT-Battelle, LLC ("UT-Battelle") as follows:

## I. SUMMARY OF THE CASE

1. This is a class action brought to remedy UT-Battelle's pattern of discrimination against employees who requested religious or medical accommodations from UT-Battelle's mandate that its employees receive the COVID-19 vaccine.

2. Rather than complying with its obligations under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), UT-Battelle responded by informing the requesting employees that they would be effectively terminated.

3.      UT-Battelle's actions have left Plaintiffs with the impossible choice of either taking the COVID-19 vaccine, at the expense of their religious beliefs and their health, or losing their livelihoods.  In doing so, UT-Battelle has violated Title VII and the ADA by failing to engage in the interactive process and provide reasonable accommodations, and also by retaliating against employees who engaged in protected activity.

## II. PARTIES

4.      Plaintiff Jeffrey Bilyeu is a Senior Radiological Control Technician employed by UT-Battelle. Mr. Bilyeu requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Mr. Bilyeu is a citizen and resident of Anderson County, Tennessee, and lives in the Eastern District of Tennessee.

5.      Plaintiff Jessica Bilyeu is a Quality Representative employed by UT-Battelle.  Ms. Bilyeu requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Ms. Bilyeu is a citizen and resident of Anderson County, Tennessee, and lives in the Eastern District of Tennessee.

6.      Plaintiff Stephanie Bruffey is a Radiochemical Engineer employed by UT-Battelle. Ms. Bruffey requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Ms. Bruffey is a citizen and resident of Knox County, Tennessee, and lives in the Eastern District of Tennessee.

7.      Plaintiff Mark Cofer is an Infrastructure Engineer employed by UT-Battelle.  Mr. Cofer requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-

Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Mr. Cofer also requested a medical accommodation from UT-Battelle's vaccine mandate; that request remains pending. Mr. Cofer is a citizen and resident of Roane County, Tennessee, and lives in the Eastern District of Tennessee.

8.      Plaintiff Gregory Sheets is an R&D staff member employed by UT-Battelle.  Mr. Sheets requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Mr. Sheets also requested a medical accommodation from UT-Battelle's vaccine mandate, which UT-Battelle denied. Mr. Sheets is a citizen and resident of Knox County, Tennessee, and lives in the Eastern District of Tennessee.

9.      Plaintiff William Webb is an Intelligence Support Specialist employed by UT-Battelle.  Mr. Webb requested a religious accommodation from UT-Battelle's vaccine mandate, to which UT-Battelle responded by offering only an indefinite period of unpaid leave as a "reasonable accommodation." Mr. Webb is a citizen and resident of Knox County, Tennessee, and lives in the Eastern District of Tennessee.

10.      Defendant UT-Battelle is a limited liability company with its principal place of business at 1 Bethel Valley Road, Oak Ridge, TN 37830, which is within the Eastern District of Tennessee.  UT-Battelle can be served with process via its registered agent, David J. Mandl at the following address: 1 Bethel Valley Road, Oak Ridge, TN 37830.  UT-Battelle administers, manages, and operates the Oak Ridge National Laboratory ("ORNL"), a multiprogram research laboratory of the U.S. Department of Energy ("DOE") located in Oak Ridge, Tennessee.

### III. JURISDICTION AND VENUE

11.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

12.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events complained of herein occurred in this District.

### IV. FACTUAL ALLEGATIONS

**A.      The COVID-19 Pandemic and Response**

14.     By Spring 2020, the novel coronavirus SARS-CoV-2, which can cause the disease COVID-19, spread rapidly around the world.

15.     Around this same time, UT-Battelle began implementing certain mitigation procedures for its workforce, including requiring many employees to work from home. UT-Battelle created the infrastructure necessary for these employees to fulfill their responsibilities while working from home. In a FY 2020 Performance Evaluation and Measurement Plan Midyear Review, UT-Battelle stated that "more employees are 'working from home forever'" and that it was implementing "policies and procedures for managing a distributed workforce." UT-Battelle also required many employees to receive a weekly COVID-19 test, and required some employees to receive COVID-19 tests even on weeks when they worked entirely from home. UT-Battelle also employed onsite precautions such as mask wearing and social distancing. UT-Battelle provided the required COVID-19 tests and tracked the scheduling of tests in a database linked to employees' individual badge numbers. It also provided monthly free antibody testing to any employee who tested positive for COVID-19 and recorded those results.

4

16.     Since the beginning of the pandemic, at least three separate COVID-19 vaccines have been developed and authorized for use in the United States.  The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech vaccine on December 1, 2020.  One week later, the FDA issued a second EUA for the Moderna COVID-19 vaccine.  Finally, the FDA issued an EUA for the Johnson & Johnson COVID-19 vaccine on February 27, 2021.

17.     On August 23, 2021, the FDA issued full approval for the Pfizer vaccine for individuals 16 years of age and older.  Pfizer's EUA also remains in place.

18.     To date, the FDA has not yet issued any other approvals for either the Moderna or Johnson & Johnson vaccine.

**B.     UT-Battelle's Vaccine Mandate**

19.     On August 26, 2021, ORNL Director Thomas Zacharia announced via email that the lab will require all employees to receive the COVID-19 vaccine.

20.     On September 1, 2021, UT-Battelle held a Vaccine Mandate Town Hall with Director of Human Resources Jody Zahn, General Counsel David Mandl, Environment Safety Health & Quality Director John Powell, and Medical Director Bart Iddins.

21.     On September 13, 2021, UT-Battelle released a "Vaccine Requirement" fact sheet, which outlined an accommodation request process. Employees seeking an accommodation were required to submit an accommodation request by September 15, 2021. Employees not approved for an accommodation are required to be vaccinated onsite at ORNL or, if vaccinated offsite, to email a copy of their vaccination record to UT-Battelle by October 15, 2021.

22.     For accommodation requests submitted by the September 15, 2021 deadline, the status of at least some requests in ORNL's Human Resources ("HR") system was changed on

5

September 16, 2021 from "Pending" to "Declined." Later that same day, UT-Battelle removed the portion of its HR system that allowed employees to see the status of their accommodation requests.

23. On September 16, 2021, ORNL Director Thomas Zacharia stated in an email to all staff that accommodations such as face coverings and testing—the same precautions ORNL had operated under throughout the pandemic—might not adequately protect staff. He therefore threatened, before ORNL began any interactive process of interviewing employees with religious objections, that "staff members who are granted a religious exemption should be prepared to be on unpaid leave" beginning October 15, "potentially until the end of the pandemic."

24. On September 20, 2021, UT-Battelle began its first day of interviews for employees seeking reasonable accommodations. The interview panel consisted of Amy Brown (HR), Steve Ventura (legal), Bart Iddins (medical), and Angela Stackhouse (administrative assistant).

25. On September 21, 2021, UT-Battelle began its second day of interviews for employees seeking reasonable accommodations. The interview panel consisted of Paula Cogdill (HR), Ivan Boatner (legal), Johnathan Khoury (medical), and Jennifer Hughett (paralegal).

26. On September 22, 2021, ORNL HR Director Jody Zahn cancelled all remaining interviews for employees seeking reasonable accommodations.

27. In the afternoon of September 22, 2021, ORNL HR Director Jody Zahn issued an e-mail titled "Exemption Request Decision," blind-copying all employees who requested a reasonable accommodation from the vaccine mandate. In that email, Ms. Zahn stated that the only accommodation provided for religious accommodation requests would be indefinite unpaid leave.

28. Additionally, that same day, UT-Battelle rewrote its policy document titled "Benefits Related to Unpaid Leaves Over 90 Days." Specifically, UT-Battelle edited this policy statement to provide that medical and dental benefits will remain available at the "normal rate for

6

*up to* two months." Previously, the policy provided that medical and dental benefits would be available at the "normal rate for two months."

29.    On September 25, 2021, ORNL Director Thomas Zacharia sent a lab leadership email titled "Today's Meeting," which included a message from Associate Lab Director Stan Wullschleger stating that UT-Battelle employees "make decisions that impact themselves and their families" based on their "values, beliefs, and worldviews," and that "[t]hose decisions have consequences and I'm both confident and comfortable that we have communicated those consequences to everyone."

30.    On October 1, 2021, UT-Battelle's HR system was updated to reflect exemption request decisions.

31.    On October 7, 2021, UT-Battelle began sending automated e-mails titled "Important Employment Information" and including the following attachments:

        a.  Employee name.pdf - "Our records indicate that you have received <type> accommodation"
        b.  Benefits Summary Unpaid Personal Leave.pdf
        c.  COVID_Vacation_or_Unpaid_Leave_Form.pdf
        d.  ORNL EAP Overview Flyer.pdf
        e.  Vanderbilt Resume ORNL INFO SHEET.pdf

32.    On October 11, 2021, UT-Battelle began security clearance exit debriefing for "accommodated" employees.

33.    On October 13, 2021, employees who are "accommodated" with unpaid leave will be required to complete and submit a form electing to use all their remaining vacation days immediately or to begin unpaid leave on October 16, 2021. They were also required to complete and submit a form choosing whether to continue or cancel their benefits during unpaid leave.

34.    UT-Battelle employees must receive a COVID-19 vaccine by October 15, 2021 or be placed on unpaid leave.

35. For UT-Battelle employees who are "accommodated" with unpaid leave, they must submit their badges on October 15, 2021.

36. The accommodation period of unpaid leave begins on October 16, 2021. An "accommodated" employee may use his or her vacation time during the period of unpaid leave.

37. UT-Battelle's mandate is absolute—there is no alternative for remote work, periodic testing, mask wearing, or social distancing, even for employees who have already had COVID-19 and still enjoy immunity from the disease and for employees who have worked remotely throughout the pandemic. Employees must choose vaccination or termination. Or, as discussed below, employees who are "accommodated" for religious or health reasons may choose what may be several years of unpaid leave without benefits—effectively, constructive discharge or termination.

38. This policy from UT-Battelle contrasts with the Federal Government's recent announcement that the Department of Labor is developing a rule to require certain large employers to mandate vaccination *or* periodic testing for its employees. UT-Battelle is not offering the option of periodic testing, either in general or for employees who receive an accommodation.

39. This policy from UT-Battelle also differs substantially from the European Union's digital COVID-19 certificate, which considers the following as equivalent: (1) a COVID-19 vaccine; (2) a negative COVID-19 test; or (3) having previously recovered from COVID-19. *See EU Digital COVID Certificate*, EUROPEAN COMMISSION, https://tinyurl.com/tw2n8xp4 (last visited Oct. 12, 2021).

40. When UT-Battelle announced the vaccine mandate, it stated that employees could request accommodations for religious or health reasons. This is in line with Equal Employment Opportunity Commission ("EEOC") guidance on private employers issuing such mandates. *See*

*What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* §§ K.1 & K.2., EEOC, https://tinyurl.com/x5xtvyx3 (last visited Oct. 12, 2021).

41. Moreover, UT-Battelle's universal "accommodation" of unpaid leave overlooks the fact that scientific evidence confirms that a combination of mask wearing and periodic testing is equivalent to (or better than) vaccination at preventing the spread of COVID-19.

42. UT-Battelle has placed substantial and unconscionable pressure on its employees. One of the many examples of such pressure, some of which are more specifically discussed below, occurred in late-September when UT-Battelle began interviewing employees who requested religious accommodations. Employees who requested religious accommodations were required to sit through an interview with representatives of UT Battelle's legal, medical, and HR departments. In those interviews, UT-Battelle representatives asked probing questions of employees about whether employees' religious beliefs were more strongly held than their religious leaders, and asked employees to sign certification statements. Such questions were clearly intended to dissuade employees from seeking religious accommodations.

**C.  Federal civil rights laws prohibiting religious and disability discrimination and retaliation**

43. Title VII prohibits UT-Battelle from discriminating against employees based on their religion. This "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's … religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

44. In other words, an employer has the "statutory obligation to make reasonable accommodation for the religious observances of its employees," but is not required to incur undue

9

hardship. *Reed v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

45.     Title VII also prohibits UT-Battelle from retaliating against an employee for engaging in protected activity.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72 (2006).

46.     Similarly, under the ADA, UT-Battelle may not "discriminate against a qualified individual" on the basis of disability.  *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004) (quoting 42 U.S.C. § 12112(a)).

47.     Such discrimination includes failing to provide reasonable accommodations to a requesting employee.  *See Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 298 (6th Cir. 2019).

48.     Additionally, the ADA makes it unlawful to retaliate against an employee for seeking an accommodation.  *See* 42 U.S.C. § 12203(a).

**D.     Plaintiffs' accommodation requests**

49.     Plaintiff Jeffrey Bilyeu is a Senior Radiological Control Technician with UT-Battelle, and has worked at ORNL for approximately three years.

50.     As a Senior Radiological Control Technician, Mr. Bilyeu is responsible for radiological protection for various projects that include the use of radioactive isotopes.

51.     On September 7, 2021, Plaintiff Jeffrey Bilyeu submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system.

52.     In his accommodation request, Mr. Bilyeu explained his belief that the COVID-19 vaccines were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it is sinful to use anything derived from abortion.  As an adult, Mr. Bilyeu regularly elects not to receive vaccines due to his religious beliefs.

53.     On September 22, 2021, UT-Battelle informed Mr. Bilyeu that his religious accommodation request was "approved," but that he would be "accommodated" by being placed on indefinite unpaid leave.

54.     Being placed on unpaid leave will impact Mr. Bilyeu personally and professionally.

55.     Mr. Bilyeu submitted an inquiry to the EEOC on October 7, 2021, regarding UT-Battelle's discriminatory and retaliatory actions.

56.     Plaintiff Jessica Bilyeu is a Quality Representative with UT-Battelle and has worked at ORNL for approximately two years.

57.     As a Quality Representative, Ms. Bilyeu is responsible for supporting the development and implementation of quality requirements pertinent to the Isotope Program, with emphasis on FDA current Good Manufacturing Practice (cGMP) as well as the Department of Energy (DOE) quality requirements, NQA-1, and ISO-9001.

58.     On September 7, 2021, Plaintiff Jessica Bilyeu submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system.

59.     In her accommodation request, Ms. Bilyeu explained her belief that the COVID-19 vaccines were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it is sinful to use anything derived from abortion.  As an adult, Ms. Bilyeu regularly elects not to receive vaccines due to her religious beliefs.

60.     On September 22, 2021, UT-Battelle informed Ms. Bilyeu that her religious accommodation request was "approved," but that she would be "accommodated" by being placed on indefinite unpaid leave.

61.     Being placed on unpaid leave will impact Ms. Bilyeu personally and professionally.

62.     Ms. Bilyeu submitted an inquiry to the EEOC on September 23, 2021, regarding UT-Battelle's discriminatory and retaliatory actions.

63.     Plaintiff Stephanie Bruffey is a Radiochemical Engineer in the Nuclear Energy and Fuel Cycle Division at ORNL, where she has been employed by UT-Battelle for approximately eleven years.

64.     As a Radiochemical Engineer, Ms. Bruffey's responsibilities include research and development in nuclear energy. She manages several projects at ORNL and oversees communication and reporting.

65.     On September 7, 2021, Plaintiff Bruffey submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system.

66.     In her accommodation request, Ms. Bruffey explained her belief that the COVID-19 vaccines were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it is sinful to use anything derived from abortion. Ms. Bruffey expects that she will have to decline future medical treatments that are derived from abortion because these treatments violate her sincerely held religious beliefs.

67.     On September 22, 2021, UT-Battelle informed Ms. Bruffey that her religious accommodation request was "approved," but that she would be "accommodated" by being placed on indefinite unpaid leave.

68.     Being placed on unpaid leave will impact Ms. Bruffey personally and professionally.

69.     Ms. Bruffey submitted an inquiry to the EEOC on October 7, 2021, regarding UT-Battelle's discriminatory and retaliatory actions.

70.     Plaintiff Mark Cofer is an Infrastructure Engineer with UT-Battelle and has worked at ORNL in varying capacities for approximately three years.

71.     As an Infrastructure Engineer, Mr. Cofer's responsibilities include overseeing all single sign-on activity at ORNL.

72.     On September 2, 2021, Plaintiff Cofer submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system. Although Mr. Cofer has a serious heart condition called Tachycardic Atrial Fibrillation and has been advised by his doctor that he could die from complications related to the COVID-19 vaccine, Mr. Cofer did not submit a medical accommodation request because he believed he could only submit a religious accommodation request or a medical accommodation request, not both.

73.     In his religious accommodation request, Mr. Cofer explained his belief that the COVID-19 vaccines were developed using fetal cell lines derived from aborted fetal tissue and that it is sinful to use anything derived from abortion. As an adult, Mr. Cofer does not receive vaccines and refuses medications that are derived from abortion.

74.     On September 22, 2021, UT-Battelle informed Mr. Cofer that his religious accommodation request was "approved," but that he would be "accommodated" by being placed on indefinite unpaid leave.

75.     After learning that he could submit a medical accommodation request in addition to a religious accommodation request, and that a medical accommodation request would be treated differently from a religious accommodation request, Mr. Cofer submitted a request for a medical accommodation through UT-Battelle's Microsoft SharePoint System on October 7, 2012.

76. Mr. Cofer's medical accommodation request remains pending. If UT-Battelle does not grant him a medical accommodation other than unpaid leave by October 15, 2021, he will be placed on unpaid leave.

77. Being placed on unpaid leave will impact Mr. Cofer personally and professionally.

78. Mr. Cofer submitted an inquiry to the EEOC on October 4, 2021, regarding UT-Battelle's discriminatory and retaliatory actions with regard to his religious accommodation request.

79. Mr. Cofer submitted an inquiry to the EEOC on October 12, 2021, regarding UT-Battelle's discriminatory and retaliatory actions with regard to his medical accommodation request.

80. Plaintiff Gregory Sheets is an R&D staff member with UT-Battelle and has worked at ORNL for approximately seven years.

81. As an R&D staff member, Mr. Sheet's responsibilities include conducting research and development and securing funding. He is also the lab space manager over three labs.

82. On September 7, 2021, Plaintiff Sheets submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system.

83. In his religious accommodation request, Mr. Sheets explained his belief that his body is a temple of God and that he therefore should not do damage to his body without performing a commensurate level of greater good. Since his doctor advised him to abstain from vaccines, Mr. Sheets has abstained from taking vaccines.

84. On September 8, 2021, Plaintiff Sheets submitted a request for a medical accommodation through UT-Battelle's Microsoft SharePoint system.

85.     Mr. Sheets experiences dangerously high fevers in reaction to vaccines and often when he is ill. His doctor has therefore advised him not to receive vaccines in the future, including the COVID-19 vaccine.

86.     On September 22, 2021, UT-Battelle informed Mr. Sheets that his religious accommodation request was "approved," but that he would be "accommodated" by being placed on indefinite unpaid leave.

87.     On October 1, 2021, UT-Battelle requested that Mr. Sheets give them an authorization for release of medical information. Mr. Sheets did not sign the form because, based on UT-Battelle's discriminatory actions including granting only unpaid leave as an "accommodation" for his religious belief, Mr. Sheets feared that UT-Battelle wanted the release of medical information in an effort to extract information to use against him later should he file a complaint with the EEOC.

88.     On October 5, 2021, UT-Battelle denied Mr. Sheets's medical accommodation request, stating that "Fevers after immunizations are not a contraindication to COVID-19 vaccinations per CDC guidelines. Consent to discuss w/ Dr. Tarr re: Additional information as to medical complications/diagnoses that would preclude COVID-19 vaccination not provided."

89.     Because his medical accommodation request was denied and the only accommodation UT-Battelle granted for religious accommodation requests was unpaid leave, Mr. Sheets will be placed on unpaid leave on October 15, 2021.

90.     Being placed on unpaid leave will impact Mr. Sheets personally and professionally.

91.     Mr. Sheets submitted an inquiry to the EEOC on October 7, 2021, regarding UT-Battelle's discriminatory and retaliatory actions with regard to his religious accommodation request.

92.     Mr. Sheets submitted an inquiry to the EEOC on October 12, 2021, regarding UT-Battelle's discriminatory and retaliatory actions with regard to his medical accommodation request.

93.     Plaintiff William Webb is an Intelligence Support Specialist with UT-Battelle and has worked at ORNL for approximately three years.

94.     As an Intelligence Support Specialist, Mr. Webb's responsibilities include counterintelligence functions such as reviewing unclassified open source information to identify and mitigate potential intelligence threats to DOE, providing unclassified briefings to travelers and at-risk employees, and periodically conducting classified duties.

95.     On September 13, 2021, Plaintiff Webb submitted a request for a religious accommodation through UT-Battelle's Microsoft SharePoint system.

96.     In his accommodation request, Mr. Webb explained his belief that the COVID-19 vaccines were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it is sinful to use anything derived from abortion. Mr. Webb closely researches all medications and vaccines before he takes them. He will not take any medication or vaccine derived from abortion.

97.     On September 22, 2021, UT-Battelle informed Mr. Webb that his religious accommodation request was "approved," but that he would be "accommodated" by being placed on indefinite unpaid leave.

98.     Being placed on unpaid leave will impact Mr. Webb personally and professionally.

99.     Mr. Webb submitted an inquiry to the EEOC on September 24, 2021, regarding UT-Battelle's discriminatory and retaliatory actions.

100.    Unless enjoined, UT-Battelle's discriminatory and retaliatory actions will cause Plaintiffs various harms, including the substantial loss of income, inability to afford necessary medical care, loss of housing, loss of professional advancement opportunities, and other similar personal and professional harms.

## V. CLASS ALLEGATIONS

101.    Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(a) and (b).

102.    Through this action, Plaintiffs seek to represent a class of all UT-Battelle employees who have requested or will request accommodations from UT-Battelle's vaccine mandate and who have had those accommodation requests either formally or effectively denied and are thus faced with the decision of either taking a vaccine to which they object, or suffering termination, including the functional equivalent of termination: indefinite unpaid leave.

103.    Plaintiffs anticipate that they will ultimately seek three subclasses when they move for class certification: (1) employees who have sought either a religious or medical accommodation and previously recovered from COVID-19, possess antibodies against COVID-19, and are willing to produce periodic proof to UT-Battelle showing that they remain antibody positive; (2) employees who sought religious accommodations due to sincerely held religious beliefs, lack COVID-19 antibodies, and are willing to submit to mitigation measures such as periodic COVID-19 testing and/or wearing masks; and (3) employees who sought medical accommodations, lack COVID-19 antibodies, and are willing to submit to mitigation measures like periodic COVID-19 testing and/or wearing masks.

104.    By effectively treating all accommodation requesters the same, UT-Battelle's actions are generally applicable to the entire class of employees for whom UT-Battelle failed to

grant reasonable accommodations. Accordingly, the Court may grant relief to the entire affected class to prevent UT-Battelle's continue violation of federal civil rights laws.

105. The class is so numerous that joinder of all members is impractical. While the exact class size is unknown to Plaintiffs at this time, it is expected to exceed 150 employees. The precise number and identification of the class members will be ascertainable from UT-Battelle's records during discovery.

106. There are questions of law and fact common to all members of the class. Those common questions include, but are not limited to, the following:

    a.    Did UT-Battelle provide its employees with an adequate mechanism for requesting an accommodation when it required requests to be submitted by an arbitrary date—by September 15, 2021?

    b.    Did UT-Battelle comply with its obligations under federal civil rights law to engage in the interactive process when responding to each accommodation request?

    c.    Did UT-Battelle comply with its obligations under federal civil rights law to reasonably accommodate employees with sincerely held religious beliefs or medical objections to the vaccine mandate when the only accommodations offered were indefinite unpaid leave or, for some medical accommodations, temporary extensions of the deadline to be vaccinated?

    d.    Did UT-Battelle comply with federal civil rights law when it denied accommodation requests?

    e.    Did UT-Battelle retaliate against employees who engaged in protected activity when it responded to each request by formally or effectively

terminating their employment or by engaging in coercive conduct to dissuade employees from requesting (or continuing to seek) an accommodation?

107.    Plaintiffs' claims are typical of the claims of the class because they, like the class members, requested accommodations from UT-Battelle's vaccine mandate and UT-Battelle formally or effectively denied those requests without engaging in the interactive process.

108.    For the same reason, Plaintiffs will fairly and adequately protect the interests of the class.

109.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating Plaintiffs' claims.  Joinder of all members is impracticable.

## VI. CAUSES OF ACTION

### COUNT I
**Violation of Title VII, 42 U.S.C. § 2000e, *et seq.***
**Religious discrimination—failure to accommodate**
**On behalf of Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer,**
**Gregory Sheets, and William Webb,**
**and others similarly situated**

110.    Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

111.    Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer, Gregory Sheets, and William Webb hold sincere religious beliefs that preclude them from receiving a COVID-19 vaccine.

112.    Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer, Gregory Sheets, and William Webb informed UT-Battelle of those beliefs and requested (or wanted to request) religious accommodations from the vaccine mandate.

113. UT-Battelle refused to engage in a good faith interactive process with Plaintiffs regarding their religious accommodation requests and instead only responded to Plaintiffs with questions designed to deter Plaintiffs from exercising their religious beliefs.

114. Irrespective of the interactive process, UT-Battelle failed to provide Plaintiffs with reasonable accommodations for their religious beliefs, as indefinite unpaid leave is not a reasonable accommodation. Instead, indefinite unpaid leave is an adverse employment action.

115. UT-Battelle thereby discriminated against Plaintiffs because of their religious beliefs.

116. UT-Battelle's failure to provide religious accommodations has harmed and will continue to harm Plaintiffs.

117. By failing to engage in the interactive process or offer any reasonable accommodation, UT-Battelle's discriminatory actions were intentional and/or reckless and in violation of Title VII.

118. Plaintiffs have filed inquiries with the EEOC complaining of these discriminatory actions. Although Plaintiffs' EEOC charges remain pending, this Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process. *See Drew v. Liberty Mut. Ins. Co.*, 480 F.2d 69, 74 (5th Cir. 1973); *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 884 (2d Cir. 1981); *Bailey v. Delta Air Lines*, 722 F.2d 942, 944 (1st Cir. 1983).

**COUNT II**
**Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*
**Religious discrimination—retaliation**
**On behalf of Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer,**
**Gregory Sheets, and William Webb,**
**and others similarly situated**

119. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

20

120.     Plaintiffs Jeffrey Bilyeu, Jessica Bilyeu, Stephanie Bruffey, Mark Cofer, Gregory Sheets, and William Webb engaged in protected activity when they requested religious accommodations from UT-Battelle's vaccine mandate.

121.     UT-Battelle responded by announcing that it would formally or effectively terminating their employment.  This was so even though UT-Battelle has conceded that many of the requests for religious accommodation are legitimate by "approving" those requests.

122.     UT-Battelle's response to Plaintiffs' protected activity with a draconian threat of potentially years of unpaid leave is an adverse employment action intended to force employees to forgo their religious beliefs and receive the COVID-19 vaccine.  When its improper questioning of the employees' religious beliefs failed, UT-Battelle chose to retaliate by giving the employees the false choice between vaccination and effective termination.

123.     Plaintiffs' religious beliefs and protected activity were the causes of UT-Battelle's adverse employment action.  Indeed, UT-Battelle's derisive view of employees with religious beliefs has been documented in the way staff asked harassing questions of employees who requested a religious accommodation.    UT-Battelle's disparate treatment of religious accommodation requests—arbitrarily cutting off the deadline for submitting religious accommodations, while potentially still accepting requests for medical accommodation (even though the end result is basically the same)—only confirms UT-Battelle's hostility to requests for religious accommodation.  UT-Battelle did not bother engaging in a good faith interactive process with accommodation seekers because it never intended to provide them with a reasonable accommodation.

124.     By retaliating against Plaintiffs for engaging in protected activity, UT-Battelle has violated Title VII.  This violation has harmed and continues to harm Plaintiffs.

125.    Plaintiffs have filed inquiries with the EEOC complaining of these retaliatory actions.  This Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process.  *See Drew*, 480 F.2d at 74; *Sheehan*, 676 F.2d at 884; *Bailey*, 722 F.2d at 944.

**COUNT III**
**Violation of the ADA, 42 U.S.C. § 12101, *et seq*.**
**Disability discrimination—failure to accommodate**
**On behalf of Plaintiffs Mark Cofer and Gregory Sheets,**
**and others similarly situated**

126.    Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

127.    Plaintiffs Mark Cofer and Gregory Sheets informed UT-Battelle of their disabilities.

128.    Plaintiffs Mark Cofer and Gregory Sheets requested reasonable medical accommodations from UT-Battelle's vaccine mandate for their disabilities.

129.    UT-Battelle refused to engage in the interactive process with Plaintiffs regarding their medical accommodation requests.

130.    UT-Battelle violated the ADA when it denied Mr. Sheets's accommodation request. By leaving Mr. Cofer's accommodation request pending, it has effectively denied Mr. Cofer's accommodation request and thus violated the ADA.

131.    UT-Battelle thereby discriminated against Plaintiffs because of their disabilities.

132.    UT-Battelle's failure to provide medical accommodations has harmed and continues to harm Plaintiffs.

133.    By failing to engage in a good faith interactive process or offer any reasonable accommodation, UT-Battelle's discriminatory actions were intentional and/or reckless, and in violation of the ADA.

134.     Plaintiffs have filed inquiries with the EEOC complaining of these discriminatory actions.  This Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process.  *See Drew*, 480 F.2d at 74; *Wheeler v. Jackson Nat'l Life Ins. Co.*, No. 3:14-cv-0913, 2015 WL 7776916, at *4 (M.D. Tenn. Dec. 2, 2015) (stating that in the Sixth Circuit, "the failure to exhaust administrative remedies" under the ADA "is not a jurisdictional defect") (citing cases).

**COUNT IV**
**Violation of the ADA, 42 U.S.C. § 12101, *et seq*.**
**Disability discrimination—retaliation**
**On behalf of Plaintiffs Mark Cofer and Gregory Sheets,**
**and others similarly situated**

135.     Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

136.     Plaintiffs Mark Cofer and Gregory Sheets engaged in protected activity when they requested (or wanted to request) medical accommodations from UT-Battelle's vaccine mandate.

137.     UT-Battelle responded by taking an adverse employment action against Plaintiff Sheets by denying his medical accommodation request and informed him that it would formally or effectively terminate his employment by putting him on unpaid leave if he did not receive the vaccine.  Plaintiff Cofer, whose medical accommodation request remains pending, fears that UT-Battelle will likewise take an adverse employment action against him by denying his medical accommodation request and informing him that his employment will be formally or effectively terminated if he does not take the vaccine. UT-Battelle has denied long-term medical accommodation to many employees similarly situated to Plaintiffs, placing them on unpaid leave or granting only a temporary extension to the deadline to get vaccinated. UT-Battelle has advertised for Plaintiff Cofer and Plaintiff Sheet's jobs to be filled, making it clear that UT-Battelle

has no intention of bringing disabled employees back to work after a period of unpaid leave. This is not a temporary leave of absence; this is constructive termination.

138.     UT-Battelle's response to Plaintiffs' protected activity with a draconian threat of potentially years of unpaid leave is an adverse employment action intended to force employees to forgo their medical reasons for not receiving the COVID-19 vaccine.

139.     Plaintiffs' medical disabilities and protected activity were the causes of UT-Battelle's adverse employment action.  As discussed above, UT-Battelle's derisive view of employees with disabilities is evident from the fact it has not rendered that a decision on the medical accommodation requests of Plaintiff Cofer and others similarly situated a mere three days before it has stated it will place them on unpaid leave if they do not compromise their health by capitulating to UT-Battelle's vaccine mandate.

140.     By retaliating against Plaintiffs for engaging in protected activity, UT-Battelle has violated the ADA.

141.     Plaintiffs have filed inquiries with the EEOC complaining of these retaliatory actions.  This Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process.  *See Drew*, 480 F.2d at 74; *Wheeler*, 2015 WL 7776916, at *4.

## VII. PRAYER FOR RELIEF

**NOW THEREFORE**, having fully stated their claims against the Defendant UT-Battelle, LLC, Plaintiffs pray that this Court would award them relief as follows:

a.      Certify this action as a class action under Federal Rules of Civil Procedure 23(a) and (b).

b.      Certify at least three subclasses: (1) employees who have sought either a religious or medical accommodation and previously recovered from COVID-19 and possess antibodies against COVID-19; (2) employees who sought religious accommodations and lack COVID-19 antibodies; and (3) employees who sought medical accommodations and lack COVID-19 antibodies.

c.      Declare that UT-Battelle has violated Title VII and the ADA by failing to engage in the interactive process in response to requests for accommodations to its COVID-19 vaccine mandate.

d.      Declare that UT-Battelle has violated Title VII and the ADA by discriminating against its employees by failing to provide reasonable accommodations to its COVID-19 vaccine mandate.

e.      Declare that UT-Battelle has violated Title VII and the ADA by retaliating against employees who engaged in protected activity.

f.      Issue a temporary restraining order and/or preliminary injunction, *see Drew*, 480 F.2d at 74, followed by a permanent injunction, enjoining UT-Battelle from terminating or placing on indefinite unpaid leave any employee who has a religious or medical basis for seeking an accommodation, and enjoining UT-Battelle from denying as untimely any request for a religious or medical accommodation.  The Court should enjoin such actions until UT-Battelle has completed

the interactive process for all employees who request such an accommodation and granted reasonable accommodations as required by federal civil rights law—which could include: (i) for those who test positive for antibodies against COVID-19, allowing them to be accommodated through regular antibody testing and mask wearing; and (ii) for those otherwise qualifying for medical and religious accommodations, allowing them to attend work wearing a mask while around others, and submitting to periodic COVID-19 testing.

g.      Award Plaintiffs, and those similarly situated, damages, including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages.

h.      Award Plaintiffs reasonable attorneys' fees and costs.

i.      Tax all costs to Defendant.

j.      Grant any other relief that the Court deems just, proper, and equitable.

k.      Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues upon which there is a federal right to a jury trial.

Respectfully submitted, this the 12th day of October, 2021.

/s/ Melissa B. Carrasco
Melissa B. Carrasco (BPR # 029094)
EGERTON, MCAFEE, ARMISTEAD
& DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
Telephone: 865-546-0500
Facsimile: 865-525-5293
E-mail: mcarrasco@emlaw.com

/s/ Mark R. Paoletta
Mark R. Paoletta* (D.C. Bar No. 422746)
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr* (D.C. Bar No. 416368)
Brian J. Field* (D.C. Bar No. 985577)
Nicholas P. Miller* (Michigan Bar
No. P70694)
Annika M. Boone* (Utah Bar No. 17176)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

* *Pro hac vice* motions forthcoming

*Counsel for Plaintiffs and the
Proposed Class*

27