UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY BILYEU, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:21-cv-352 |
| v. ) | |
| ) | Judge Atchley |
| ) | Magistrate Judge Guyton |
| UT-BATTELLE, LLC, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Before the Court is Plaintiff's Verified Application for Temporary Restraining Order [Doc. 7] pursuant to Federal Rules of Civil Procedure 64 and 65. A hearing on this matter was held on October 15, 2021, at which both parties were represented by counsel. For the reasons stated orally by the Court on the record and set forth herein, the Motion [Doc. 7] will be **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs are employees of Defendant UT-Batelle, LLC, who has required employees to obtain a Covid-19 vaccination or an exemption from the vaccine requirement. Plaintiffs are individuals who have sought a religious exemption, and in two instances, a medical exemption, to the vaccine policy. Defendant granted Plaintiffs an exemption and provided unpaid leave beginning October 16, 2021, as an accommodation. Though Plaintiffs assert they were originally told this leave would be indefinite, Defendant now indicates the leave is to last sixty days, after which it will be reevaluated. Plaintiffs seek, *inter alia*, a temporary restraining order enjoining the Defendant from placing Plaintiffs and similarly situated employees on unpaid leave. Plaintiffs assert that, without this relief, Defendant will be allowed to place those who were granted accommodations on indefinite, unpaid leave and they will suffer irreparable harm.

The Sixth Circuit explains "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Courts consider four factors when determining whether to issue a preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). The preliminary injunction standard is also used for temporary restraining orders in the Sixth Circuit. *See Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Brotherhood of Teamsters, Airline Division*, 219 F. Supp.3d 665, 670 (S.D. Ohio 2016) (citing *Reid v. Hood*, No. 1:10-cv-2842, 2011 WL 251437 *1, *2 (N.D. Ohio 2011)).

At the hearing on this matter, both Plaintiffs and Defendant made arguments as to these four factors. Based on the evidence presented at the hearing, as well as that in the record, the Court finds that issuing a TRO is necessary to avoid immediate and irreparable injury, loss, or damage to Plaintiffs pursuant to Fed. R. Civ. P. 65(b)(A). Particularly, the Court finds:

- Plaintiffs presented evidence that indicates their claims have a substantial likelihood of success on the merits.

- Plaintiffs adequately expressed they will suffer irreparable harm if Defendant moves forward with its unpaid leave policy as currently planned. In addition to a functional loss of employment, Plaintiffs assert they will suffer irreparable harm due to the possible loss

of employment benefits, loss of security clearances associated with their employment, and inability to pay for housing and education costs.[1] However, the Court also notes that further factual findings might alter this determination.

- The partial grant of Plaintiffs' request inflicts minimal harm on Defendant UT-Battelle. The company was operating with Plaintiffs and others receiving accommodations before this afternoon. Preventing their placement on unpaid leave for a matter of two weeks simply will not harm Defendant.

The partial issuance of Plaintiffs' requested TRO does not suggest or imply that this Court is inclined to grant a permanent injunction. Rather, the Court seeks to avoid the risk of irreparable harm demonstrated by Plaintiffs until the Court is able to hold a full evidentiary hearing on Plaintiffs' request for preliminary injunction. *See* [Doc. 7].

The Court finds that Plaintiffs' second and third requests for injunctive relief are overly broad and that they have failed to demonstrate specific, irreparable harm with respect to these requests. Specifically, Plaintiffs' request that Defendant be enjoined from denying as untimely any request for accommodation will be denied. Defendant, on the record and in open court, represented that such a deadline does not exist and accommodations continue to be considered as they are received. Likewise, Plaintiffs' request that Defendant be enjoined from terminating or placing on indefinite unpaid leave *any* employee who has requested an accommodation to the COVID-19 vaccination policy on a religious or medical basis *until* UT-Battelle has completed the interactive process for *all* employees who request such an accommodation is overbroad. Therefore, this request will also be denied.

---

[1] Counsel for Defendant represented at the hearing that Defendant does not intend to revoke security clearances or eliminate health insurance benefits for employees placed on unpaid leave. The record at least suggests that individual Plaintiffs were given contrary information.

The court may only issue a temporary restraining order "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

It is therefore **ORDERED** that the Verified Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 7] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants are hereby **ENJOINED** from terminating or placing on indefinite unpaid leave any employee who has received a religious or medical accommodation until such time a preliminary injunction hearing can be held.

2. Plaintiffs' request that Defendant be enjoined from denying as untimely any request for accommodation is hereby **DENIED as MOOT**.

3. Plaintiffs' request that Defendant be enjoined from terminating or placing on indefinite unpaid leave *any* employee who has requested an accommodation to the COVID-19 vaccination policy on a religious or medical basis *until* UT-Battelle has completed the interactive process for *all* employees who request such an accommodation is hereby **DENIED**.

4. Plaintiffs shall post a monetary bond in the amount of five thousand dollars ($5,000) no later than 5:00 p.m. ET on October 18, 2021.

5. The Court will hold a hearing on whether to convert this temporary restraining order to a preliminary injunction on **October 26, 2021.** A separate order on this hearing will be placed at a later date.

6. The Temporary Restraining Order shall expire upon conclusion of the preliminary injunction hearing or on October 29, 2021, at 5:00 p.m. ET, whichever is earlier; and

7. The Clerk is directed to promptly file and record this Order.

**SO ORDERED** at 5:00 p.m. ET on October 15, 2021.

        */s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**