IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY BILYEU, JESSICA BILYEU, STEPHANIE BRUFFEEY, MARK COFER, GREGORY SHEETS, and WILLIAM WEBB, on their own behalf and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case NO. 3:21-cv-352<br>) Jury Demanded |
| v. | )<br>) |
| UT-BATTELLE, LLC, | )<br>) |
| Defendant. | ) |

## DEFENDANT UT-BATTELLE, LLC'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant UT-Battelle, LLC ("UT-Battelle") submits the instant Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiffs have admittedly failed to exhaust administrative remedies.

Plaintiffs, on behalf of themselves and others similarly situated, have sued UT-Battelle for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Americans with Disabilities Act ("ADA"). As set forth below, because Plaintiffs failed to exhaust administrative remedies prior to filing suit under Title VII and the ADA, Plaintiffs' claims should be dismissed.

I. **SUMMARY OF FACTS**

Plaintiffs are current employees of UT-Battelle and have requested religious and/or medical accommodations to be exempted from UT-Battelle's COVID-19 vaccine requirement.

(Compl. ¶¶ 4-9.) Plaintiffs have each "submitted inquiries" to the EEOC alleging religious and/or disability discrimination and retaliation related to their requests for accommodation, as follows:

- Plaintiff Jeffrey Bilyeu "submitted an inquiry to the EEOC on October 7, 2021[.]"
- Plaintiff Jessica Bilyeu "submitted an inquiry to the EEOC on September 23, 2021[.]"
- Plaintiff Stephanie Bruffey "submitted an inquiry to the EEOC on October 7, 2021[.]"
- Plaintiff Mark Cofer "submitted an inquiry to the EEOC on October 4, 2021 [and on] October 12, 2021[.]"
- Plaintiff Gregory Sheets "submitted an inquiry to the EEOC on October 7, 2021 [and on] October 12, 2021[.]"
- Plaintiff William Webb "submitted an inquiry to the EEOC on September 24, 2021[.]"

(*Id.* ¶¶ 55, 62, 69, 78-79, 91-92, 99.)

As admitted on the face of the Complaint, Plaintiffs' EEOC Charges "remain pending," and the EEOC has not completed its administrative process. (*Id.* ¶¶ 118, 125, 134, 141.)

## II. LAW AND ARGUMENT

### A. Standard of Review

Plaintiffs' claims should be dismissed as Plaintiffs have failed to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a procedural motion that tests the sufficiency of the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). When deciding the Motion, the Court "must construe the complaint in the light most favorable to plaintiffs" and

"accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need to have detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The complaint must contain either direct or inferential allegations respecting all material elements of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902-03 (6th Cir. 2009). A complaint falls short if the facts pled do not "permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. The allegations must show "'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Failure to exhaust administrative remedies is a condition precedent to an action in district court; therefore, a defendant's claim that a plaintiff has failed to exhaust his or her administrative remedies should be analyzed under Rule 12(b)(6). *See McKnight v. Gates*, No. 3:06-1019, 2007 WL 1849986, at *3 (M.D. Tenn. June 20, 2007) *aff'd*, 282 F. App'x 394 (6th Cir. 2008). Because Plaintiffs' claims cannot survive the 12(b)(6) standard, UT-Battelle respectfully requests that Plaintiffs' Complaint be dismissed.[1]

---

[1] UT-Battelle argued in its Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order that Plaintiffs' Complaint fails to state a claim because they have failed to exhaust their administrative remedies. [Doc. 20 at 20-22.] UT-Battelle restates those arguments here. Further, now that Plaintiffs' Motion for Preliminary Injunction has been denied [Doc. 53], Plaintiffs no longer can rely on their assertion that the Court "may exercise its equity jurisdiction to grant preliminary injunctive relief." [Compl. ¶ 118.] Plaintiffs' Complaint should be dismissed. *See, e.g., Jordan v. Evans*, 355 F. Supp. 2d 72, 76 (D.D.C. 2004) ("[T]he Court finds that Jordan has failed to make the necessary showing for this Court to grant a preliminary injunction. Furthermore, the Court finds that absent a basis for preliminary injunctive relief, it lacks jurisdiction over Jordan's Title VII claims because she has not shown that she has exhausted her

### B. Plaintiffs' Claims Should Be Dismissed

Plaintiffs' claims arise under Title VII and the ADA and must be dismissed as Plaintiffs have admittedly failed to exhaust administrative remedies. Before filing suit in federal court under Title VII or the ADA, a plaintiff must first file a charge of employment discrimination with the EEOC. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002) (citing 29 U.S.C. § 626 (d); 42 U.S.C. §§ 12117(a) & 2000e-5(e)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). After investigation, the EEOC will either file suit on behalf of the claimant or issue a right-to-sue letter. *See E.E.O.C. v. Frank's Nursery*, 177 F.3d 448, 456 (6th Cir. 1999). Upon a right-to-sue letter, a plaintiff has ninety days in which to bring a federal action alleging a violation of Title VII or the ADA. 42 U.S.C. § 2000e-5(f)(1). An individual may not file suit under Title VII or the ADA if he or she does not possess a right to sue letter form the EEOC. *Id.* Premature suits are subject to a motion to dismiss at any time between the filing of the lawsuit and plaintiff's receipt of the letter. *Portis v. State of Ohio*. 141 F.3d 632, 635 (6th Cir. 1998).

The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). This rule serves the dual purpose of giving a party information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)).

---

administrative remedies. Accordingly, the Court GRANTS [Defendant's] motion to dismiss these claims.").

Plaintiffs do not dispute that they have not received right-to-sue letters. (Compl. ¶¶ 118, 125, 134, 141.) "Because a right-to-sue letter is a condition precedent to filing suit and [Plaintiffs have] not received such . . . letter[s], this [Court] [should dismiss] the instant case . . . for failure to exhaust administrative remedies." *Lott v. Kmart*, No. 2:13-CV-228, 2013 WL 3927617, at *2 (S.D. Ohio July 29, 2013).

### III. CONCLUSION

For the foregoing reasons, Defendant UT-Battelle, LLC, respectfully requests that this Court dismiss Plaintiffs' Complaint.

Respectfully submitted,

/s/Jonathan O. Harris
Jonathan O. Harris, TN #021508
Keith D. Frazier, TN #012413
Darius Walker, Jr., TN #035408
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

Luci L. Nelson, TN #36354
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601

Chris R. Pace, *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

Attorneys for Defendant

# CERTIFICATE OF SERVICE

      I hereby certify that on this the 1st day of November 2021 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Melissa B. Carrasco
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902

Mark R. Paoletta
Gene C. Schaerr
Brian J. Field
Nicholas P. Miller
Annika M. Boone
Joshua James Prince
Mark Richard Alan Paoletta
SCHAERR I JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006

                                                                                */s/ Jonathan O. Harris*