IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JEFFREY BILYEU, JESSICA BILYEU,   )
STEPHANIE BRUFFEEY, MARK   )
COFER, GREGORY SHEETS, and   )
WILLIAM WEBB,   )
on their own behalf and on behalf of   )
all others similarly situated,   )
  )    Case No. 3:21-cv-352
        Plaintiffs,   )    Jury Demanded
  )
    v.   )
  )
UT-BATTELLE, LLC,   )
  )
        Defendant.   )

**ANSWER TO AMENDED COMPLAINT**

Defendant UT-Battelle, LLC ("UT-Battelle") sets forth the following Answer, affirmative and other defenses to Plaintiff's Amended Complaint:

1. UT-Battelle admits that Plaintiffs purport to pursue claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act (the "ADA") but denies the validity of those claims and therefore denies Paragraph 1 of the Amended Complaint.

2. UT-Battelle denies Paragraph 2 of the Amended Complaint.

3. UT-Battelle denies Paragraph 3 of the Amended Complaint.

4. UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 4 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 4, UT-Battelle denies those allegations, except admits that Jeffrey Bilyeu is employed by UT-Battelle as a Senior Radiological Control Technician, that Mr. Bilyeu requested a religious accommodation to UT-Battelle's vaccine requirement, that UT-Battelle considered that request but determined that it would cause an under

1

hardship, that it granted him an alternative accommodation of leave effective November 1, 2021, and that UT-Battelle communicated to Mr. Bilyeu in December that it would like him to return to work.

5. UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 5 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 5, UT-Battelle denies those allegations, except admits that Jessica Bilyeu was employed by UT-Battelle as a Quality Representative, that Ms. Bilyeu requested a religious accommodation to UT-Battelle's vaccine requirement, that UT-Battelle considered that request but determined that it would cause an under hardship, that it granted her an alternative accommodation of leave effective to be November 1, 2021, that on October 28, 2021, Ms. Bilyeu requested a temporary accommodation under the ADA due to her status as a breastfeeding mother, and that on October 30, 2021, UT-Battelle granted that accommodation request.

6. UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 6 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 6, UT-Battelle denies those allegations, except admits that Stephanie Bruffey was employed by UT-Battelle as a Radiochemical Engineer, that Ms. Bruffey requested a religious accommodation to UT-Battelle's vaccine requirement, that UT-Battelle considered that request but determined that it would cause an under hardship, that it granted her an alternative accommodation of leave to be effective November 1, 2021, that Ms. Bilyeu subsequently requested a temporary accommodation under the ADA due to her status as a breastfeeding mother, and that UT-Battelle granted that accommodation request.

7.     UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 7 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 7, UT-Battelle denies those allegations, except admits that Mark Cofer was employed by UT-Battelle as an Infrastructure Systems Engineer, that Mr. Cofer requested an accommodation under the ADA but did not provide a release for UT-Battelle to interact with his physician, that Mr. Cofer a religious accommodation to UT-Battelle's vaccine requirement, that UT-Battelle considered that request but determined that it would cause an undue hardship, that it granted him an alternative accommodation of leave effective November 1, 2021.

8.     UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 8 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 8, UT-Battelle denies those allegations, except admits that Greg Sheets was employed by UT-Battelle as a Software-Defined Radio Communications Engineer, that Mr. Sheets requested an accommodation under the ADA but did not provide a release for UT-Battelle to interact with his physician, that Mr. Sheets a religious accommodation to UT-Battelle's vaccine requirement, that UT-Battelle considered that request but determined that it would cause an undue hardship, that it granted him an alternative accommodation of leave effective November 1, 2021.

9.     UT-Battelle is without information sufficient to respond to the first sentence of Paragraph 9 of the Amended Complaint and therefore denies the same. With respect to the remaining allegations contained in Paragraph 9, UT-Battelle denies those allegations, except admits that William Webb was employed by UT-Battelle as an Intelligence Support Specialist, that Mr. Webb requested a religious accommodation to UT-Battelle's vaccine requirement, that

UT-Battelle considered that request but determined that it would cause an undue hardship, that it granted him an alternative accommodation of leave effective November 1, 2021.

10.    UT-Battelle admits Paragraph 10 of the Amended Complaint.

11.    UT-Battelle admits that federal question jurisdiction exists.

12.    UT-Battelle denies Paragraph 12 of the Amended Complaint, as stated.

13.    UT-Battelle admits that venue is proper.

14.    UT-Battelle admits Paragraph 14 of the Amended Complaint.

15.    UT-Battelle admits Paragraph 15 of the Amended Complaint.

16.    UT-Battelle admits Paragraph 16 of the Amended Complaint.

17.    UT-Battelle admits Paragraph 17 of the Amended Complaint.

18.    UT-Battelle admits Paragraph 18 of the Amended Complaint.

19.    UT-Battelle admits Paragraph 19 of the Amended Complaint.

20.    UT-Battelle denies Paragraph 20 of the Amended Complaint, as stated.

21.    UT-Battelle admits Paragraph 21 of the Amended Complaint.

22.    UT-Battelle denies the inference underlying Paragraph 22 of the Amended Complaint that its initial response to COVID-19 and its testing programs were sustainable long-term and not an undue hardship under Title VII and therefore denies that paragraph.

23.    UT-Battelle denies the allegations contained in Paragraph 23 of the Amended Complaint, as stated.

24.    UT-Battelle admits the allegations contained in Paragraph 24 of the Amended Complaint.

25.    UT-Battelle denies Paragraph 25 of the Amended Complaint, as stated.

4

26.     UT-Battelle admits that on August 26, 2021, Dr. Thomas Zacharia announced via email the company's upcoming vaccine requirement.

27.     UT-Battelle denies Paragraph 27 of the Amended Complaint, as stated, except admits that UT-Battelle held multiple town halls about the vaccine requirement, answering numerous questions about vaccines generally and the company's policy, and further discussed UT-Battelle's policies and processes on religious are medical accommodation requests and how such requests would be considered.

28.     UT-Battelle denies Paragraph 28 of the Amended Complaint, as stated.

29.     UT-Battelle denies Paragraph 29 of the Amended Complaint, as stated.

30.     UT-Battelle denies that the European Union's digital COVID-19 certificate has any factual or legal relevance in this instant action and therefore denies Paragraph 30 of the Amended Complaint, as stated.

31.     UT-Battelle admits Paragraph 31 of the Amended Complaint.

32.     UT-Battelle denies Paragraph 32 of the Amended Complaint, as stated.

33.     UT-Battelle denies Paragraph 33 of the Amended Complaint, as stated.

34.     UT-Battelle denies Paragraph 34 of the Amended Complaint, as stated, except admits that on September 21 and 22, 2021, UT-Battelle representatives met with 24 employees who had sought religious accommodations.  The purpose of these interviews was to better understand the nature of the employees' objection to COVID-19 vaccinations and their accommodation requests.

35.     UT-Battelle denies Paragraph 35 of the Amended Complaint, as stated, except admits that on September 21 and 22, 2021, UT-Battelle representatives met with 24 employees who had sought religious accommodations.  The purpose of these interviews was to better

5

understand the nature of the employees' objection to COVID-19 vaccinations and their accommodation requests.

36.     UT-Battelle denies Paragraph 36 of the Amended Complaint, as stated.

37.     UT- Battelle denies Paragraph 37 of the Amended Complaint, as stated, except admits that it presented employees with the fact sheet attached as Exhibit 7 to the Complaint.

38.     UT-Battelle denies Paragraph 38 of the Amended Complaint, as stated.

39.     UT-Battelle denies Paragraph 39 of the Amended Complaint, as stated, except admits that UT-Battelle's accommodation panel met with 24 employees who had requested religious accommodations, and that Jody Zahn cancelled remaining meetings after learning that one of the 24 employees had exposed the panel to COVID-19.

40.     UT-Battelle admits Paragraph 40 of the Amended Complaint.

41.     UT-Battelle denies Paragraph 41 of the Amended Complaint, as stated.

42.     UT-Battelle denies Paragraph 42 of the Amended Complaint, as stated, except admits that on September 22, 2021, Ms. Zahn sent an email to various employees who had requested a religious exemption; that emails speaks for itself.

43.     UT-Battelle denies Paragraph 43 of the Amended Complaint.

44.     UT-Battelle denies Paragraph 44 of the Amended Complaint, as stated, except admits that on September 24, 2021, Stan Wullschlenger sent Dr. Zacharia an email entitled "Today's Meeting"; that email speaks for itself.

45.     UT-Battelle denies Paragraph 45 of the Amended Complaint, as stated.

46.     UT-Battelle admits Paragraph 46 of the Amended Complaint.

47.	UT-Battelle denies Paragraph 47 of the Amended Complaint, as stated, except admits that employees who were given the accommodation of unpaid leave were also given the option of utilizing accrued vacation while out on leave.

48.	UT-Battelle denies Paragraph 48 of the Amended Complaint, as stated.

49.	UT-Battelle denies Paragraph 49 of the Amended Complaint, as stated, except admits that employees who were give leave as an accommodation were given the option of using unused vacation while they were on leave.

50.	UT-Battelle admits Paragraph 50 of the Amended Complaint.

51.	UT-Battelle denies Paragraph 51 of the Complaint, as stated, except admits that on November 1, 2021, four of named Plaintiffs were placed on leave to be revaluated within sixty days, that as of early December, UT-Battelle had begun to reevaluate local COVID-19 conditions and had begun to contact some employees about returning to work, that by mid-December all employees previously placed on leave had been contacted about returning to work, and that Mr. Sheets and Ms. Bilyeu were granted temporary medical accommodations.

52.	UT-Battelle admits Paragraph 52 of the Amended Complaint.

53.	UT-Battelle denies Paragraph 53 of the Amended Complaint, as stated, except admits that Mr. Bilyeu works as Senior Radiological Control Technician, that he is responsible for radiological protection for various projects that include the use of radioactive isotopes, and that to UT-Battelle's knowledge Mr. Bilyeu adhered to the company's COVID-19 mitigation measures.

54.	UT-Battelle admits Paragraph 54 of the Amended Complaint.

55.	UT-Battelle is without information sufficient to respond to Paragraph 55 of the Amended Complaint and therefore denies the same.

56.	UT-Battelle denies Paragraph 56 of the Amended Complaint, as stated.

7

57.     UT-Battelle denies Paragraph 57 of the Amended Complaint, as stated, except admits on September 22, 2021, Jody Zahn sent Mr. Bilyeu an email regarding a decision on his request for an accommodation; that emails speaks for itself.

58.     UT-Battelle denies Paragraph 58 of the Amended Complaint as stated.

59.     UT-Battelle is without information sufficient to respond to Paragraph 59 of the Amended Complaint and therefore denies that paragraph, as stated.

60.     UT-Battelle denies Paragraph 60 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the Temporary Restraining Order ("TRO").

61.     UT-Battelle denies Paragraph 61 of the Amended Complaint, as stated, except admits that effective November 1, 2021, Mr. Bilyeu was given the accommodation of unpaid leave.

62.     UT-Battelle denies Paragraph 62 of the Amended Complaint, as stated, except admits that Mr. Bilyeu returned from leave on or about December 6, 2021.

63.     UT-Battelle denies Paragraph 63 of the Amended Complaint.

64.     UT-Battelle denies Paragraph 64 of the Amended Complaint, as stated, except admits that Ms. Bilyeu is employed by UT-Battelle as a Quality Representative, that she has worked for UT-Battelle for approximately two years, and that she is married to Mr. Bilyeu.

65.     UT-Battelle denies Paragraph 65 of the Amended Complaint, as stated, except admits that Ms. Bilyeu has a DOE Q security clearance.

66.     UT-Battelle denies Paragraph 66 of the Amended Complaint, as stated, except admits to UT-Battelle's knowledge Ms. Bilyeu adhered to the company's COVID-19 mitigation

measures, that UT-Battelle accommodated Plaintiff's pregnancy in 2020, and that her security clearance was not revoked while she was on maternity leave.

67. UT-Battelle admits Paragraph 67 of the Amended Complaint.

68. UT-Battelle is without information sufficient to respond to Paragraph 68 of the Amended Complaint and therefore denies the same.

69. UT-Battelle denies Paragraph 69 of the Amended Complaint, as stated, except admits on September 22, 2021, Jody Zahn sent Ms. Bilyeu an email regarding a decision on her request for an accommodation; that emails speaks for itself.

70. UT-Battelle denies Paragraph 70 of the Amended Complaint, as stated.

71. UT-Battelle is without information sufficient to respond to Paragraph 71 of the Amended Complaint and therefore denies the same.

72. UT-Battelle denies Paragraph 72 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the TRO.

73. UT-Battelle denies Paragraph 73 of the Amended Complaint, as stated, except admits that Ms. Bilyeu was given the accommodation of leave, to begin November 1, 2021, that on October 28, 2021, Ms. Bilyeu requested a temporary medical accommodation due to her status as a breastfeeding mother, that she was granted that accommodation on October 30, 2021, and thus she did not go on leave on November 1, 2021, and that during her period of temporary medical accommodation, to UT-Battelle's knowledge she has complied with various mitigation measures as set forth in Paragraph 73 of the Amended Complaint.

74. UT-Battelle denies Paragraph 74 of the Amended Complaint.

9

75.     UT-Battelle denies Paragraph 75 of the Amended Complaint.

76.     UT-Battelle denies Paragraph 76 of the Amended Complaint, as stated, except admits that Ms. Bruffey is a Radiochemical Engineer working in the Process Engineering Research Group ("PER") within the Fuels, Isotopes, and Nuclear Materials Area of the Nuclear Science and Technology Division ("NSTD").

77.     UT-Battelle admits Paragraph 77 of the Amended Complaint.

78.     UT-Battelle denies Paragraph 78 of the Amended Complaint, as stated, except admits that, to UT-Battelle's knowledge, Ms. Bruffey adhered to the company's COVID-19 mitigation measures, that there have been times where she has done some work from home, that as of September 2021, she was typically working on site one day per week.

79.     UT-Battelle denies Paragraph 79 of the Amended Complaint, as stated, except admits that Ms. Bruffey sent an email to Debra Bowling on September 20, 2021; that email speaks for itself.

80.     UT-Battelle admits Paragraph 80 of the Amended Complaint.

81.     UT-Battelle is without information sufficient to respond to Paragraph 81 of the Amended Complaint and therefore denies the same.

82.     UT-Battelle denies Paragraph 82 of the Amended Complaint, as stated.

83.     UT-Battelle denies Paragraph 83 of the Amended Complaint, as stated.

84.     UT-Battelle denies Paragraph 84 of the Amended Complaint, as stated, except admits on September 22, 2021, Jody Zahn sent Ms. Bruffey an email regarding a decision on her request for an accommodation; that emails speaks for itself.

85.     UT-Battelle admits Paragraph 85 of the Amended Complaint.

86.     UT-Battelle denies Paragraph 86 of the Amended Complaint.

87.     UT-Battelle denies Paragraph 87 of the Amended Complaint.

88.     UT-Battelle denies Paragraph 88 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the TRO.

89.     UT-Battelle denies Paragraph 89 of the Amended Complaint, as stated, except admits that on or about November 17, 2021, Ms. Bruffey applied for a medical accommodation as a breast feeding mother, that Ms. Bruffey received that accommodation, and that during this period of medical accommodation, to UT-Battelle's knowledge she has complied with the company's COVID-19 mitigation measures.

90.     UT-Battelle denies Paragraph 90 of the Amended Complaint.

91.     UT-Battelle denies Paragraph 91 of the Amended Complaint, as stated, except admits that Mr. Cofer worked for UT-Battelle as an Infrastructure Systems Engineer and worked for UT-Battelle for approximately three years.

92.     UT-Battelle admits Paragraph 92 of the Amended Complaint.

93.     UT-Battelle is without information sufficient to respond to Paragraph 93 of the Amended Complaint and therefore denies the same.

94.     UT-Battelle is without information sufficient to respond to Paragraph 94 of the Amended Complaint and therefore denies the same.

95.     UT-Battelle denies Paragraph 95 of the Amended Complaint, as stated.

96.     UT-Battelle denies Paragraph 96 of the Amended Complaint, as stated, except admits that Mr. Cofer's supervisor told him that he expected his remote working arrangement

would continue until the end of 2021, and that his workspace had been temporarily assigned to a different employee.

97.     UT-Battelle denies Paragraph 97 of the Amended Complaint, as stated, except admits that Mr. Cofer submitted a religious accommodation request on September 2, 2021.

98.     UT-Battelle is without information sufficient to respond to Paragraph 98 of the Amended Complaint and therefore denies the same.

99.     UT-Battelle denies Paragraph 99 of the Amended Complaint, as stated, except admits on September 22, 2021, Jody Zahn sent Mr. Cofer an email regarding a decision on his request for an accommodation; that emails speaks for itself.

100.    UT-Battelle denies Paragraph 100 of the Amended Complaint, as stated, except admits that employees who were give leave as an accommodation were given the option of using unused PTO while they were on leave.

101.    UT-Battelle denies Paragraph 101 of the Amended Complaint, as stated, except admits that on or about September 29, 2021, Mr. Cofer spoke with Deon Harper about his displeasure with being given the accommodation of unpaid leave and discussed remote working.

102.    UT-Battelle denies Paragraph 102 of the Amended Complaint, as stated.

103.    UT-Battelle denies Paragraph 103 of the Amended Complaint, as stated, except admits that Mr. Cofer submitted a medical accommodation request on October 7, 2021.

104.    UT-Battelle admits Paragraph 104 of the Amended Complaint.

105.    UT-Battelle denies Paragraph 105 of the Amended Complaint, as stated, except admits that Mr. Coffer's medical condition was denied because his medical conditions did not represent contraindications to COVID-19 vaccination.

106.    UT-Battelle denies Paragraph 106 of the Amended Complaint, as stated.

107.    UT-Battelle denies Paragraph 107 of the Amended Complaint, as stated.

108.    UT-Battelle denies Paragraph 108 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave.

109.    UT-Battelle denies Paragraph 109 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the TRO.

110.    UT-Battelle denies Paragraph 110 of the Amended Complaint, as stated, except admits that on November 1, 2021, Mr. Cofer was placed on unpaid leave, that such leave was to be reevaluated within sixty days.

111.    UT-Battelle denies Paragraph 111 of the Amended Complaint.

112.    UT-Battelle denies Paragraph 112 of the Amended Complaint.

113.    UT-Battelle denies Paragraph 113 of the Amended Complaint, except admits that Mr. Sheets is employed by UT-Battelle as a Software-Defined Radio Communications Engineer, and that he has worked at UT-Battelle for approximately seven years.

114.    UT-Battelle denies Paragraph 114 of the Amended Complaint, as stated, except admits that his responsibilities include conducting research and development and securing funding for important projects, and that he has a DOE "Q" security clearance.

115.    UT-Battelle is without information sufficient to respond to Paragraph 115 of the Amended Complaint and therefore denies the same.

116.    UT-Battelle denies Paragraph 116 of the Amended Complaint, as stated.

117.     UT-Battelle is without information sufficient to respond to Paragraph 117 of the Amended Complaint and therefore denies the same.

118.     UT-Battelle admits Paragraph 118 of the Amended Complaint.

119.     UT-Battelle is without information to respond to Paragraph 119 of the Amended Complaint and therefore denies the same.

120.     UT-Battelle denies Paragraph 120 of the Amended Complaint, as stated, except admits on September 22, 2021, Ms. Zahn sent Mr. Sheets an email regarding a decision on his request for a religious accommodation; that emails speaks for itself.

121.     UT-Battelle admits Paragraph 121 of the Amended Complaint.

122.     UT-Battelle denies Paragraph 122 of the Amended Complaint, except admits that Mr. Sheets initially refused to complete an authorization for release of medical information.

123.     UT-Battelle denies Paragraph 123 of the Amended Complaint, as stated.

124.     UT-Battelle denies Paragraph 124 of the Amended Complaint, as stated.

125.     UT-Battelle denies Paragraph 125 of the Amended Complaint, as stated.

126.     UT-Battelle denies Paragraph 126 of the Amended Complaint, as stated.

127.     UT-Battelle denies Paragraph 127 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the TRO.

128.     UT-Battelle denies Paragraph 128 of the Amended Complaint.

129.     UT-Battelle admits Paragraph 129 of the Amended Complaint.

130.     UT-Battelle denies Paragraph 130 of the Amended Complaint, as stated, except admits that on October 28, 2021, UT-Battelle granted Mr. Sheets' request for a medical

14

accommodation, providing him with time up to December 23, 2021, to provide medical documentation from an allergist with respect to his request for a medical accommodation.

131.    UT-Battelle is without information sufficient to respond to Paragraph 131 of the Amended Complaint and therefore denies the same.

132.    UT-Battelle denies Paragraph 132 of the Amended Complaint.

133.    UT-Battelle denies Paragraph 133 of the Amended Complaint.

134.    UT-Battelle admits Paragraph 134 of the Amended Complaint.

135.    UT-Battelle admits Paragraph 135 of the Amended Complaint.

136.    UT-Battelle denies Paragraph 136 of the Amended Complaint, except admits that this team staggered their work schedules from March 2020 through June 2021.

137.    UT-Battelle admits that, to its knowledge, Mr. Webb has followed the company's various COVID-19 mitigation measures when on site.

138.    UT-Battelle admits Paragraph 138 of the Amended Complaint.

139.    UT-Battelle is without information sufficient to respond to Paragraph 139 of the Amended Complaint and therefore denies the same.

140.    UT-Battelle denies Paragraph 140 of the Amended Complaint, as stated, except admits that Mr. Webb's religious accommodation request was initially denied because it appeared that he had cut and paste his request from an internet website, rather than explain his beliefs and his request in his own words, that Ms. Zahn met with Mr. Webb, and that after that meeting she told him that based upon what he told her, his request would be reevaluated.

141.    UT-Battelle denies Paragraph 141 of the Amended Complaint, as stated, except admits that on September 22, 2021, Ms. Zahn sent Mr. Sheets an email with respect to his request for a religious accommodation; that emails speaks for itself.

142.    UT-Battelle denies Paragraph 142 of the Amended Complaint, as stated.

143.    UT-Battelle denies Paragraph 143 of the Amended Complaint, as stated.

144.    UT-Battelle denies Paragraph 144 of the Amended Complaint, as stated.

145.    UT-Battelle denies Paragraph 145 of the Amended Complaint, as stated, except admits that the week of October 11, 2021, UT-Battelle followed its process for temporarily retrieving the badge of employees who are going on leave, and that employees who had been badged out that week were badged back in the following week after the Court's order on the TRO.

146.    UT-Battelle denies Paragraph 146 of the Amended Complaint, as stated, except admits that Mr. Webb was given the accommodation of unpaid leave, starting November 1, 2021.

147.    UT-Battelle denies Paragraph 147 of the Amended Complaint, as stated, except admits that Mr. Webb was invited to return to work on December 6, 2021, he indicated that he was traveling that month, and returned from leave on or about December 21, 2021.

148.    UT-Battelle denies Paragraph 148 of the Amended Complaint.

149.    UT-Battelle incorporates its responses to Paragraphs 1 through 148, as if set forth fully herein.

150.    UT-Battelle is without information sufficient to respond to Paragraph 150 of the Amended Complaint and therefore denies the same.

151.    UT-Battelle denies Paragraph 151 of the Amended Complaint, as stated, except admits that the named Plaintiffs requested accommodations from UT-Battelle based upon their stated religious beliefs.

152.    UT-Battelle denies Paragraph 152 of the Amended Complaint.

153.    UT-Battelle denies Paragraph 153 of the Amended Complaint.

154.    UT-Battelle denies Paragraph 154 of the Amended Complaint.

16

155. UT-Battelle denies Paragraph 155 of the Amended Complaint.

156. UT-Battelle denies Paragraph 156 of the Amended Complaint.

157. UT-Battelle denies Paragraph 157 of the Amended Complaint.

158. UT-Battelle denies Paragraph 158 of the Amended Complaint.

159. UT-Battelle incorporates its responses to Paragraph 1 through 158 of the Amended Complaint, as if set forth fully herein.

160. UT-Battelle admits Paragraph 160 of the Amended Complaint.

161. UT-Battelle denies Paragraph 161 of the Amended Complaint.

162. UT-Battelle denies Paragraph 162 of the Amended Complaint.

163. UT-Battelle denies Paragraph 163 of the Amended Complaint.

164. UT-Battelle denies Paragraph 164 of the Amended Complaint.

165. UT-Battelle denies Paragraph 165 of the Amended Complaint.

166. UT-Battelle incorporates its responses to Paragraph 1 through 165 of the Amended Complaint, as if set forth fully herein.

167. UT-Battelle is without information sufficient to form a belief as to Paragraph 167 of the Amended Complaint and therefore denies the same.

168. UT-Battelle denies Paragraph 168 of the Amended Complaint, as stated, except admits that Mr. Sheets and Mr. Cofer requested accommodations based upon stated medical conditions.

169. UT-Battelle denies Paragraph 169 of the Amended Complaint.

170. UT-Battelle denies Paragraph 170 of the Amended Complaint.

171. UT-Battelle denies Paragraph 171 of the Amended Complaint.

172. UT-Battelle denies Paragraph 172 of the Amended Complaint.

173. UT-Battelle denies Paragraph 173 of the Amended Complaint.

174. UT-Battelle denies Paragraph 174 of the Amended Complaint.

175. UT-Battelle denies Paragraph 175 of the Amended Complaint.

176. UT-Battelle incorporates its responses to Paragraph 1 through 176 of the Amended Complaint, as if set forth fully herein.

177. UT-Battelle admits Paragraph 177 of the Amended Complaint.

178. UT-Battelle denies Paragraph 178 of the Amended Complaint.

179. UT-Battelle denies Paragraph 179 of the Amended Complaint.

180. UT-Battelle denies Paragraph 180 of the Amended Complaint.

181. UT-Battelle denies Paragraph 181 of the Amended Complaint.

182. UT-Battelle denies Paragraph 182 of the Amended Complaint.

183. UT-Battelle denies Paragraph 183 of the Amended Complaint.

184. UT-Battelle denies that Plaintiffs are entitled to any of the relief sought in the "Prayer for Relief" portion of the Amended Complaint.

185. Any allegations that is not specifically admitted herein is denied.


**Affirmative and Other Defenses**

1. Plaintiffs' claims are barred to the extent they exceed the scope of a time-filed charge of discrimination with the EEOC.

2. Plaintiffs' claims under Title VII fail, as the accommodations they sought would have constituted an undue burden within the meaning of the Act and the EEOC's guidance on the same. As set forth more fully in UT-Battelle's previous briefing, the accommodations Plaintiffs claim that UT-Battelle should have given in November and early December would have caused

18

more than a de minimis cost on UT-Battelle, presented more than a de minimis risk to employee safety, and/or presented more than a de minimis effect on the ability of UT-Battelle to provide mission support services to the Department of Energy.

3.      Plaintiffs cannot establish that their religious beliefs were sincerely-held.

4.      Plaintiffs' claims under the ADA fail, as the accommodations they proposed constituted a direct threat within the meaning of the Act and the EEOC's guidance on the same. As set forth more fully in UT-Battelle's previous briefing, the heightened risk that unvaccinated employees would spread COVID-19 in the workplace constitutes a direct threat.

5.      Plaintiffs' claims under the ADA fail, as the accommodations they proposed were not "reasonable" accommodations under the Act and the EEOC's guidance on the same.

6.      Plaintiffs' claims under the ADA fail, as the accommodations they proposed would have caused an undue hardship within the meaning of the ADA.

7.      Plaintiff Sheets failed to engage in the interactive process by refusing to complete a medical release.

8.      Plaintiffs' claims are barred by the doctrine of mitigation.  To the extent Plaintiffs have received monies from subsequent employers, UT-Battelle is entitled to an offset.

9.      UT-Battelle reserves the right to assert defenses of lack of standing, judicial estoppel, or after-acquired evidence, based upon what the parties learn in discovery.

10.     Plaintiffs' claim for punitive damages fail as a matter of law.  UT-Battelle had a good faith belief that its actions with respect to its vaccine requirement and accommodation process complied with Title VII and the ADA and were required by then-current, or impending, law.  Based upon the existing case law and guidance at the time, UT-Battelle had a reasonable belief that the accommodations sought by Plaintiffs constituted an undue hardship under Title VII,

a direct threat under the ADA, and/or were not reasonable under the ADA. What is more, while many employers terminated employees who declined to get vaccinated due to stated religious beliefs, UT-Battelle instead place those employees on leave and began to bring some of them back as COVID-19 conditions improved, and in fact has brought all such employees back to the workforce in under 60 days.

11. UT-Battelle cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. See *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

12. An excessive ratio of punitive damages to actual damages violates due process.

13. Plaintiff's claims for punitive damages under Title VII and the ADA fail because UT-Battelle did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of 42 U.S.C. § 1981a(b)(1).

14. Injunctive relief is not warranted because it would amount to an overly "obey the law" injunction, Plaintiffs have adequate and complete remedy at law, lacks an irreparable injury, and there is no evidence of continuing discrimination.

15. UT-Battelle reserves the right to assert additional affirmative defenses as discovery progresses.

WHEREFORE, Defendant, having fully answered, prays that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor and against Plaintiff, and that Defendant recover its costs and reasonable attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/Jonathan O. Harris*
Jonathan O. Harris, TN #021508
Keith D. Frazier, TN #012413
Darius Walker, Jr., TN #035408
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615-254-1900
Facsimile:  615-254-1908


Luci L. Nelson, TN #36354
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601

Chris R. Pace, *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of January 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Melissa B. Carrasco
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902

Mark R. Paoletta
Gene C. Schaerr
Brian J. Field
Nicholas P. Miller
Annika M. Boone
Joshua James Prince
Mark Richard Alan Paoletta
SCHAERR I JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006

*/s/ Jonathan O. Harris*

49954662.1