# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEFFREY BILYEU, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:21-cv-352 |
| v. ) | |
| ) | Judge Atchley |
| UT-BATTELLE, LLC, ) | |
| ) | Magistrate Judge Guyton |
| ) | |
| *Defendant*. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. 54], seeking dismissal of Plaintiffs' claims on the basis of failure to exhaust administrative remedies. Generally, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). Thus, courts usually hold that pending motions aimed towards the initial complaint are properly denied as moot. *See, e.g., Ware v. C.R. Bard, Inc.*, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007) (denying as moot pending motion to dismiss).

Here, Plaintiffs have filed an Amended Complaint. [Doc. 63]. Further, Defendant's Motion hinges on the argument that Plaintiffs had not yet received right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC"), claiming "[a]n individual may not file suit under Title VII of the ADA if he or she does not possess a right to sue letter from the EEOC." [Doc. 54 at 4]. Plaintiffs' Amended Complaint expresses that each has now received these right-to-sue letters from the EEOC. [Docs. 63-1, 63-2, 63-3, 63-4, 63-5, 63-6].

1

Thus, for the reasons explained above, Defendant's Motion to Dismiss [Doc. 54] is no longer relevant and hereby **DENIED AS MOOT.**

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**