IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JEFFREY BILYEU, JESSICA BILYEU, STEPHANIE BRUFFEY, GREGORY SHEETS, AND WILLIAM WEBB, <br><br> Plaintiffs, <br><br> v. <br><br> UT-BATTELLE, LLC, <br><br> Defendant. | Case No. 3:21-cv-00352-CEA-JEM <br><br> District Judge Charles E. Atchley, Jr. <br> Magistrate Judge Jill E. McCook |

**JOINT STATUS REPORT AND PROPOSED SCHEDULE FOR
RESUMING LITIGATION**

The parties wish to report to the Court that they were unable to resolve this case through mediation. Pursuant to the status report filed with the Court on May 12, 2023 (Doc. 95), Plaintiffs and Defendant, by and through counsel, submit this Report setting forth a proposed schedule for resuming litigation.

1. *Meeting*. A meeting to discuss the proposed schedule for resuming litigation was held by the parties on June 6, 2023. The meeting was attended by the following:

    (a) Mr. Brian J. Field and Ms. Melissa B. Carrasco, counsel for Plaintiffs; and

    (b) Keith D. Frazier, counsel for Defendant.

Additionally, the parties exchanged e-mail correspondence earlier regarding similar topics. The parties discussed the following topics.

2. *The Parties' Proposal for Further Proceedings*. The Parties propose the following schedule; this schedule is modeled on the Court's sample scheduling order, as found on its website:

    (a) **_Initial Disclosures_**: The parties will make all disclosures required by Rule 26(a)(1) on or before **June 30, 2023**.

(b) ***Expert Testimony***: Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **November 17, 2023**. Defendant shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **December 16, 2023**. The parties shall disclose rebuttal testimony within thirty days after the other party's disclosure.

See Section (h), below, regarding expert-related motions.

(c) ***Final Witness List***: On or before **30 days from trial**, the parties shall provide to all other parties and file with the court a final witness list in accordance with Rule 26(a)(3)(A)(i). Within five days after service, the final witness list may be supplemented. After that time the list may be supplemented with leave of the Court and for good cause.

(d) ***All Discovery***: All discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by **January 31, 2024**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

(e) ***Pretrial Disclosures***: On or before **30 days from trial**, the parties shall make the pretrial disclosures specified in Federal Rule of Civil Procedure 26(a)(3)(A)(ii) and (iii). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

(f) ***Amendment of Pleadings***: The parties are unable to agree on this point. Defendant's position is that Plaintiffs have had almost 20 months to determine whether they need to further amend the complaint or join a party to this action and the pleadings need to be closed. Plaintiffs filed this action on October 12, 2021, (Doc. 1) and went through the preliminary injunction process. Plaintiffs later filed an Amended Complaint on January 4, 2022, (Doc. 63). This matter has been stayed until the filing of this pleading while the parties engaged in mediation. Defendant submits that any further amendment or joinder of parties would further delay the ultimate resolution of this matter.

Plaintiffs do not suggest a right to amend. And thus, Defendant's objections above are adequately protected by its ability to oppose any request for leave to amend. However, Plaintiffs believe that it is in the parties' best interest to set a deadline for the parties to file a motion to join additional parties or amend the pleadings. Indeed, despite the long procedural history of this case, the parties have not yet begun discovery or even exchanged initial disclosures. Plaintiffs suggest that the Court set an early deadline for motions to amend the pleadings or to join additional parties, but with sufficient time to review the parties' Rule 26(a)(3)(A)(i) initial disclosures. Accordingly, Plaintiffs suggest the following language for the Scheduling Order: "If any party wishes to join one or more additional parties or amend

its pleadings, a motion for joinder or for leave to amend shall be filed on or before **July 31, 2023**."

(g) *<u>Dispositive Motions</u>*: All dispositive motions under Rule 12 and all motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than <u>**March 1, 2024**</u>. The failure to timely file such motions will be grounds to summarily deny them. Absent extraordinary circumstances, the dispositive motion deadline will not be extended.

Judge Atchley prefers not to receive statements of undisputed material facts and will disregard any such statement unless it is (i) jointly filed, (ii) contains no argument, and (iii) sets forth facts rather than the parties' positions. If a "response" is filed, the Court will construe the statement as not jointly filed and disregard it.

(h) *<u>Daubert Motions</u>*: All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than <u>**60 days from trial**</u>.

(i) *<u>Motions in Limine</u>*: Any motions in limine must be filed no later than <u>**30 days from trial**</u>. The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the Daubert motion deadline set forth in Section (h).

3. Neither party anticipates any issues with regard to the disclosure or discovery of electronically stored information. Notwithstanding, the parties shall endeavor to reach an agreement regarding the protocols for discovery of electronically stored information and shall document said agreement in an agreed order to be submitted to the Court for approval. Should the parties be unable to reach an agreement, then Court intervention shall be sought pursuant to any procedures set forth in the Scheduling Order.

4. The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials. The parties agree that if any privileged or protected trial-preparation materials are inadvertently disclosed during the discovery process, the disclosing party will not be deemed to have waived the applicable privilege or trial-preparation material protection. In the event that either party discloses privileged or protected trial preparation materials during the

discovery process, the procedure outlined in Rule 26(b)(5)(B) shall apply. However, should such issues remain unresolved, the parties shall endeavor to reach an agreement regarding said issues and shall document said agreement in an agreed order to be submitted to the Court for approval. Should the parties be unable to reach an agreement, then Court intervention shall be sought pursuant to any procedures set forth in the Scheduling Order.

5. Disclosure of any expert testimony in accordance with Rule 26(a)(2) shall be made by all parties on or before the deadlines to be established in the Court's Scheduling Order or as otherwise required by the Federal Rules of Civil Procedure.

6. Given the sensitive, personal health information that is at issue in this action as well as Defendant's status as a national laboratory, the parties expect to request the entry of a protective order pursuant to Rule 26(c). The parties will attempt to reach agreement on the terms of any suitable protective orders and will seek Court intervention only should they be unable to reach an agreement on same.

7. The time needed for trial is expected to be approximately ten (10) days.

**RESPECTFULLY SUBMITTED** this the 7th day of June 2023.

/s/ Melissa B. Carrasco
Melissa B. Carrasco (BPR # 029094)
EGERTON, MCAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
Telephone: 865-546-0500
Facsimile: 865-525-5293
Email: mcarrasco@emlaw.com

/s/ Brian J. Field
Mark R. Paoletta (admitted *pro hac vice*)
Gene C. Schaerr (admitted *pro hac vice*)
Brian J. Field (admitted *pro hac vice*)
Nicholas P. Miller (admitted *pro hac vice*)
Annika M. Boone (admitted *pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
mpaoletta@schaerr-jaffe.com
gschaerr@schaerr-jaffe.com
bfield@schaerr-jaffe.com
nmiller@schaerr-jaffe.com
aboone@schaerr-jaffe.com

Attorneys for Plaintiffs

/s/ Keith D. Frazier
Keith D. Frazier, TN # 012413
Darius Walker, Jr., TN # 035408
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908
Email: keith.frazier@ogletreedeakins.com
Email: darius.walker@ogletree.com

Luci L. Nelson, TN # 36354
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
Telephone: 864-271-1300
Email: luci.nelson@ogletree.com

Chris R. Pace (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
700 W. 47th Street, Suite 500
Kansas City, MO 64112
Telephone: 816-410-2232
Facsimile: 816-471-1303
Email: chris.pace@ogletreedeakins.com

Attorneys for Defendant UT-Battelle, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Melissa B. Carrasco
EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
mcarrasco@emlaw.com

Mark R. Paoletta
Gene C. Schaerr
Brian J. Field
Nicholas P. Miller
Annika M. Boone
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
mpaoletta@schaerr-jaffe.com
gschaerr@schaerr-jaffe.com
bfield@schaerr-jaffe.com
nmiller@schaerr-jaffe.com
aboone@schaerr-jaffe.com

Attorneys for Plaintiffs

/s/ Keith D. Frazier